**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

TYLER BRADSHAW,                         :       Civil No. 3:21-cv-1618
                                        :
                 Petitioner             :       (Judge Mariani)
                                        :
        v.                              :
                                        :
DEREK OBERLANDER,                       :
PA STATE ATTORNEY GENERAL,              :
                                        :
                 Respondents            :

## MEMORANDUM

Petitioner Tyler Bradshaw ("Bradshaw") filed the instant petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254 challenging a judgment and conviction imposed in the

Court of Common Pleas of Cumberland County, Pennsylvania. (Doc. 1). For the reasons

discussed below, the Court will dismiss the petition as untimely.

## I.   Background

On November 18, 2012, Bradshaw and several cohorts executed an armed robbery

of a convenience store, resulting in the fatal shooting of the store clerk. *See*

*Commonwealth v. Bradshaw*, 1061 MDA 2019, 2020 WL 4920017, *1, 240 A.3d 189 (Table)

(Pa. Super. Aug. 21, 2020). The Commonwealth charged Bradshaw with criminal homicide,

robbery, and conspiracy. *See id.* On September 11, 2014, a jury found Bradshaw guilty of

second-degree murder, robbery, and conspiracy to commit these crimes. *See*

*Commonwealth v. Bradshaw*, https://ujsportal.pacourts.us, electronic docket number CP-21-

CR-0003479-2012.  On December 16, 2014, the trial court sentenced him to a term of life

imprisonment for second-degree murder, concurrent sentences of ten to twenty years'

incarceration for conspiracy to commit murder, and five to ten years' incarceration each for

robbery and conspiracy to commit robbery.  *Id.*  Bradshaw filed a direct appeal.  *Id.*  On

November 16, 2015, the Pennsylvania Superior Court affirmed the judgment of sentence.

*Commonwealth v. Bradshaw*, 2015 WL 7188063, 114 MDA 2015 (Pa. Super. Nov. 16,

2015).  Bradshaw did not file a petition for allowance of appeal with the Pennsylvania

Supreme Court.

On October 6, 2016, Bradshaw filed a timely petition for post-conviction collateral

relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46.

On June 11, 2019, the PCRA court denied the petition.  (Doc. 13-17).  Bradshaw filed an

appeal to the Pennsylvania Superior Court.  On August 21, 2020, the Superior Court

affirmed the PCRA court's denial of the petition.  *Bradshaw*, 1061 MDA 2019, 2020 WL

4920017, 240 A.3d 189 (Table).  On May 18, 2021, the Pennsylvania Supreme Court

denied Bradshaw's petition for allowance of appeal.  *Commonwealth v. Bradshaw*, 691 MAL

2020, 253 A.2d 681 (Table) (Pa. May 18, 2021).

On or about September 12, 2021, Bradshaw filed the instant federal habeas petition.

(Doc. 1).  On February 22, 2022, Respondents filed a response seeking dismissal of the

petition as untimely.  (Doc. 13).  Bradshaw did not file a traverse.  The petition is ripe for

resolution.

II.   **Discussion**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).  *See* 28 U.S.C. § 2244(d)(1).  Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28. U.S.C. § 2244(d); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Bradshaw was sentenced on December 16, 2014. He filed a direct appeal, and, on November 16, 2015, the Pennsylvania Superior Court affirmed the judgment of sentence. Bradshaw's judgment of sentence became final on December 16, 2015, at the expiration of the thirty-day period for filing a petition for allowance of appeal with the Pennsylvania Supreme Court. The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on September 12, 2021, is clearly untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

**A.      Statutory Tolling**

Pursuant to 28 U.S.C. § 2244, the running of the limitation period is suspended for the period of time when properly filed state post-conviction proceedings are pending in any state court. *See* 28 U.S.C. § 2244(d)(2). Here, the statute of limitations began running on December 16, 2015 and, absent any tolling, would expire on or about December 16, 2016. However, pursuant to 28 U.S.C. § 2244(d)(2), when Bradshaw filed his PCRA petition on

4

October 6, 2016, the AEDPA's filing period was statutorily tolled. As of October 6, 2016, 295 days of the one-year filing period had elapsed. Thus, there were 70 days of the one-year filing period remaining.

The statute remained tolled until May 18, 2021, the date the Pennsylvania Supreme Court denied Bradshaw's petition for allowance of appeal. On May 18, 2021, the statute began running again, and the 70 days remaining in which to file his federal petition expired on July 27, 2021. As a result, absent equitable tolling or the applicability of the actual innocence exception, Bradshaw's habeas corpus petition filed on September 12, 2021, is nearly two months late.

### B.    Equitable Tolling

Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt*, 326 F.3d at 168. Generally, a litigant seeking equitable tolling must establish the following two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. *See Robinson*

5

*v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. *See Jones*, 195 F.3d at 159; *Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).

Additionally, the Supreme Court has recognized that a credible showing of actual innocence may allow a petitioner to pursue the merits of his § 2254 petition notwithstanding the existence of "a procedural bar . . . or . . . expiration of the statute of limitations" under the miscarriage of justice exception. *See McQuiggin v. Perkins*, 569 U.S. 383 386 (2013). Such claims, however, are "rarely successful." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). To prevail under this standard, a petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in the light of new evidence." *See id.* at 327. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of

6

justice that would allow a habeas court to reach the merits of a barred claim." *See id.* at 316.

In the instant case, Bradshaw fails to present sufficient evidence to account for his delay in seeking federal habeas relief from this Court. Moreover, Bradshaw does not indicate that extraordinary circumstances obstructed his pursuit of such relief. Finally, Bradshaw advances no claim of actual innocence or the discovery of new evidence that would support such a finding. Accordingly, the Court concludes that there is no basis for the limitations period to be equitably tolled in this matter.

## III.    Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As the Supreme Court has explained,

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Bradshaw failed to demonstrate that a certificate of appealability should issue.

## IV.   **Conclusion**

The Court will dismiss Bradshaw's application (Doc. 1) for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely, and a certificate of appealability will not issue.  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: March ____, 2022